# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHELE DOOLITTLE**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN SERVICES & PROTECTION LLC**,<br><br>– and –<br><br>**AMERICAN SERVICES LLC**,<br><br>– and –<br><br>**AARON S. HARPER**,<br><br>Defendants. | Docket No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michele Doolittle files this Complaint against Defendants American Services & Protection LLC, American Services LLC (American Services & Protection LLC and American Service LLC jointly referenced as Defendant ASP), and Aaron S. Harper (Defendant Harper) (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA); Ohio Revised Code (O.R.C.) §4111.03(D), O.R.C. § 4113.15 (OPPA), and O.R.C. §2307.60. Plaintiff also brings an individual claim for unpaid minimum wages pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq*. and the Oh. Const. Art. II, § 34a. The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and

Ohio law.

2. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others like her who worked for Defendants in Ohio and suffered the same harms described below.

4. Plaintiff's individual claim for unpaid minimum wages pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq.* and the Oh. Const. Art. II, § 34a results from Defendants not paying Plaintiff her last paycheck.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8. At all times relevant herein, Plaintiff was a citizen of the United States. Plaintiff's Consent to Join Form is attached as **Exhibit A**.

9. At all times relevant herein, Defendant American Services & Protection LLC has been an Ohio limited liability company, and has conducted business in this District and Division. Defendant American Services & Protection LLC has registered with the State of Ohio the trade

name "American Services LLC". Defendant American Services & Protection LLC can be served through its registered agent: James B. Curtain, at 171 E. Livingston Ave., Columbus, OH 43215.

10. Defendant American Services LLC is also registered with the State of Ohio as a limited liability company, and has conducted business in this District and Division. Defendant American Services LLC can be served through its registered agent: Aaron S. Harper, at 3220 Palomar Ave., Columbus, OH 43231.[1]

11. Defendant Harper is an individual residing at 5470 Chimney Rock, Westerville, OH 43081. Defendant Harper is also known as Aaron Shawn Harper.

12. Defendant ASP's principal place of business is 2572 Oakstone Dr., Suite 1, Columbus, Ohio 43231 (Franklin County).[2]

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

13. Defendants individually and jointly provide various security services Ohio.

14. At all times relevant herein, Defendants were individually and jointly employers within the meaning of the FLSA and Ohio law.

15. At all times relevant herein, Plaintiff and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e).

16. At all times relevant herein, Defendants, individually and jointly, comprised an enterprise engaged in commerce within the meaning of the FLSA.

17. At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of the FLSA.

---

[1] The address listed with the Ohio Secretary of State is 3220 Polomar, which Plaintiff believes is spelled "Palomar".
[2] *See* https://asapllc.us/contact-us/ (last viewed 2/19/21).

18. Defendant Harper is the owner, operator, and president of Defendant ASP.

19. Defendants jointly employed Plaintiff and those similarly situated as hourly, non-exempt employees.

20. Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated, including supervising and controlling schedules and conditions of employment.

21. Defendants shared authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

22. Defendants shared authority to set the rates and methods of compensation for Plaintiff and others similarly situated.

23. Defendants shared control and maintenance of employment records.

24. Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

25. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

26. Defendants shared the services of Plaintiff and others similarly situated.

27. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

## Unpaid "Pass Down"

28. At all times material to this Complaint, Plaintiff and others similarly situated worked as non-exempt security employees.

29. Plaintiff and other similarly situated employees were paid on an hourly basis.

30. Plaintiff was employed in 2020 and was paid at an hourly rate of approximately $13.

31. Plaintiff and other similarly situated employees were required to arrive at work approximately 10 to 15 minutes before their scheduled shift for "pass down", which involves several shift-change duties.

32. Plaintiff and other similarly situated workers were not paid any amount for the pre-shift "pass down" work, and such time was not counted as hours worked for purposes of computing overtime.

33. Defendants paid Plaintiff and others similarly situated only from their shift start time to their shift end time.

34. Plaintiff and others similarly situated were also often required to stay late to perform pass down. Whether arriving early or staying late, one or both security workers engaged in "pass down" were not paid for the time.

35. Plaintiff and other similarly situated employees performed this unpaid work at every shift change, and it constituted a part of their fixed and regular working time.

36. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in when the performed the pre-shift "pass down" duties.

37. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendants, was performed for Defendants' benefit, and was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

38. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees for time spent performing pre-shift "pass down" duties.

### Failure to Pay Overtime Compensation

39. Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

40. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Defendants did not pay them overtime compensation for all of the hours they worked over 40 each workweek.

41. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### Failure to Keep Accurate Records

42. Defendants failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees before clocking in and/or clocking out each day.

43. To the extent records were not kept as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate.

### Plaintiff's Minimum Wages Allegations

44. Plaintiff was never paid her last paycheck, and more than 30 days has pass since she performed work for which such wages were due.

45. Accordingly, Defendants violated Ohio law by not paying Plaintiff at least the lawful minimum wage for all hours worked.

46. Plaintiff is entitled to unpaid minimum wages, treble damages, liquidated damages under O.R.C. § 4113.15, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings collective claims on her own behalf pursuant to 29 U.S.C. §216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

48. The collective which Plaintiff seeks to represent and for whom Plaintiff seeks to send court-approved "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as:

> **All current and former full-time hourly security workers employed by Defendants who relieved a preceding shift and/or was relieved by a subsequent shift at any time from 3 years preceding this Complaint to its final resolution.**

49. Plaintiff is unable to state at this time the exact size of the potential collective, but upon information and belief avers that it consists of at least 30 or more employees during relevant times.

50. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees in the collective, and is acting on behalf of their interests, as well as her own, in bringing this action.

51. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

52. Plaintiff brings class claims pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other current or former persons employed by Defendants in Ohio within the last two years ("Ohio Class") defined as:

> **All current and former full-time hourly security workers employed by Defendants in Ohio who relieved a preceding shift and/or was relieved by a subsequent shift at any time from 2 years preceding this Complaint to its final resolution.**

53. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class members but estimates that it consists of at least 30 or more employees during relevant times.

54. There are questions of law and fact common to the Ohio Class including: whether Defendants failed to pay its employees for pre-shift and post-shift "pass down" work and whether that resulted in the underpayment of overtime.

55. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

56. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class are common to the class as a whole and predominate over any questions affecting only individual class members.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (Fair Labor Standards Act Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA.

60. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

61. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

62. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the FLSA.

63. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and since wages remain unpaid harm damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

66. Plaintiff and those similarly situated are not exempt from the protections of Ohio law.

67. Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

68. Additionally, the OPPA requires Defendants to pay Plaintiff and the Ohio Class members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

69. During relevant times, Plaintiff and the Ohio Class members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

70. Plaintiff's and the Ohio Class members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

71. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

72. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated Ohio law.

73. As a result of Defendants' practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

## COUNT THREE
### (Damages Pursuant to O.R.C. § 2307.60)

74. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75. As a result of Defendants' practices and policies, Plaintiff and those similarly situated have been harmed in that they have not received wages due to them pursuant to the FLSA.

76. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

77. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and those similarly situated have been injured as a result.

78. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

79. As a result of Defendants' willful violations of the FLSA, Plaintiff and Opt-in Plaintiffs who join and worked in Ohio are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT FOUR
### (Ohio Minimum Wage Violation – Individually by Plaintiff)

80. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81. Defendants are individual and joint "employers" covered by the minimum wage requirements of Ohio law.

82. Ohio law requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek.

83. Plaintiff worked hours in one or more workweeks in which she was not paid a minimum wage.

84. Plaintiff was not exempt under Ohio law.

85. Defendants jointly violated Ohio law by not paying Plaintiff minimum wages for all hours worked.

86. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of Ohio law.

87. As a result of Defendants' practices, Plaintiff was harmed in that she has not received her last pay check; and because wages remain unpaid, damages continue.

88. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all similarly situated persons, collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class she represents, actual damages for unpaid wages, liquidated, exemplary, and punitive damages as provided under the FLSA and Ohio law;

D. Award to Plaintiff unpaid minimum wages, treble damages, liquidated damages under O.R.C. § 4113.15, and attorney's fees and costs;

E. Award Plaintiff, and the collective and class she represents, pre-judgment and/or post-judgment interest at the statutory rate;

F. Award Plaintiff, and the collective and class she represents, attorneys' fees, costs, and disbursements; and,

G. Award Plaintiff, and the collective and class she represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:	614-824-5770
Facsimile:	330-754-1430
Email:	rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone:	330-470-4428
Facsimile:	330-754-1430
Email:	hans@ohlaborlaw.com
	sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiff*

13